**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

PACKER, THOMAS & COMPANY,      )      Case No. 4:09-cv-2469
et al.,      )
     )
          Plaintiffs,      )      JUDGE SARA LIOI
     )
    v.      )
     )      MEMORANDUM OPINION
     )      AND ORDER
FEDERAL INSURANCE COMPANY,      )
     )
          Defendant.      )

This Memorandum Opinion and Order arises out of the motion of defendant Federal Insurance Company ("the Insurer") for an Order to dismiss, or alternatively, to stay, the declaratory judgment action of plaintiffs Packer, Thomas & Company, Phillip B. Dennison, Karen S. Cohen, John E. Cournan, John P. Donchess, Gregory L. Gett, Richard A. Schafer, Jeffrey R. Sheets, and William J. Vanetti (collectively, "the Insured") and to compel arbitration of the Insured's claim for a declaration of rights under the insurance policy. (Doc. No. 6.) For the reasons that follow, the Insured's motion to dismiss is **GRANTED** and its motion to compel arbitration is also **GRANTED**.

I.      **BACKGROUND**

This is a dispute regarding insurance coverage. The Insured are an Ohio corporation with its principal place of business in Youngstown, Ohio, and its shareholders and principals, who are residents of either Ohio or Pennsylvania. The Insurer is an Indiana corporation with its principal place of business in New Jersey. The Insurer issued ForeFront

Portfolio Policy No. 6800-71532 covering the Insured between a policy period of April 15, 2007 and April 15, 2008.  This policy included an Employment Practices Liability Coverage Section, a Directors and Officers Liability Coverage Section, and a Fiduciary Liability Coverage Section.

On or about July 11, 2007, the Insured terminated the employment of Charles T. George, a non-party to this action. As a result of his termination, George filed a lawsuit alleging age discrimination and breach of contract against the Insured in the Mahoning County Court of Common Pleas on December 31, 2007.[1] (Doc. No. 1-1, Exh. A.) On that same day, George filed a demand for arbitration before the American  Arbitration Association. Sometime thereafter, at a date unspecified, the Insured allegedly made a demand for defense and indemnification relating to the George litigation and arbitration. On November 17, 2008, the Insurer denied the Insured's claim for defense and indemnification, allegedly based on the Insured's failure to timely notify the Insurer of the claim as required by the policy.

On September 8, 2009, the Insured filed an action seeking the declaration of the rights, duties and obligations of the parties in the Mahoning County Court of Common Pleas. (Doc. No. 1-1.) Specifically, the Insured seek declarations stating:

> (1)    Plaintiffs are all insureds as defined in the policy; and
> (2)    [The Insurer] has a duty to defend, and if necessary, indemnify plaintiffs for allegations against them in [the George litigation and arbitration]; and
> (3)    There has been no prejudice to [the Insurer] related to the timeliness of notification of the claim.

(Doc. No. 1-1, ¶ 16.) On October 22, 2009, the Insurer removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. No. 1.) On October 29, the Insurer filed a motion to dismiss, or alternatively to stay, the Insured's declaratory judgment action and to compel

---

[1] *Charles T. George v. Packer, Thomas & Company, et al.,* Case No. 07-CV-4875 (Mahoning Cty. Ct. of Common Pleas, filed Dec. 31, 2007).

arbitration of the claim asserted. (Doc. No. 6.) The Insured has not filed an opposition.[2] Under the local rules of the Northern District of Ohio, the Court may rule on unopposed motions without hearing at any time after the time for filing an opposition has expired. LOCAL CIV. R. 7.1(g).

## II.      DISCUSSION

### A.      Jurisdiction under the Federal Arbitration Act

Congress enacted the Federal Arbitration Act in 1925 "[t]o overcome judicial resistance to arbitration," *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006), and to declare "'a national policy favoring arbitration' of claims that parties contract to settle in that manner," *Preston v. Ferrer*, 552 U.S. ___, ___, 128 S. Ct. 978, 984 (2008) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). "To that end, § 2 provides that arbitration agreements in contracts 'involving commerce' are 'valid, irrevocable, and enforceable.'" *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1271 (2009) (quoting 9 U.S.C. § 2 n.7). Section 4 of the FAA provides for United States district court enforcement of arbitration agreements. "Petitions to compel arbitration, § 4 states, may be brought before 'any United States district court which, save for such agreement, would have jurisdiction under title 28 [. . .] of the subject matter of a suit arising out of the controversy between the parties.'" *Id.* (citing *Southland Corp.*, 461 U.S. at 3, n.3).

In *Vaden*, the Supreme Court recently clarified a split in the courts of appeals regarding how a federal district court determines whether it has subject matter jurisdiction over a petition to compel arbitration. "The phrase 'save for [the arbitration] agreement' indicates that

---

[2] "Unless otherwise ordered by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion [. . .]" LOCAL CIV. R. 7.1(d).

the district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it." *Vaden*, 129 S. Ct. at 1273-74. "Jurisdiction over what? The text of § 4 refers us to 'the controversy between the parties.'" *Id.* That phrase, under *Vaden*, is interpreted as "the substantive conflict between the parties." *Id. See also Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n. 32, (1983) (noting in dicta that, to entertain a § 4 petition, a federal court must have jurisdiction over the "underlying dispute").

Unlike *Vaden*, the jurisdictional issue presented by this case is exceptionally straightforward. The substantive conflict between the parties is the Insured's declaratory judgment action, which has been properly removed by the Insurer to federal court. This Court has diversity-of-citizenship jurisdiction to decide the substantive conflict, and thus the FAA plainly applies to the motion to compel arbitration.

**B.**  *Stout v. J.D. Byrider*

The FAA manifests "a liberal federal policy favoring arbitration agreements." *Moses H. Cone*, 460 U.S. at 24. "To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (citing 9 U.S.C. §§ 3 & 4). In cases where all claims are referred to arbitration, however, the litigation may be dismissed rather than merely stayed. *See Hensel v. Cargill, Inc.*, 1999 U.S. App. LEXIS 26600 at *10 (6th Cir. Oct. 19, 1999); *See also Alford v. Dean Witter Reynolds Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that dismissal is proper where all claims must be submitted to arbitration); *Sparling v. Hoffman*

4

*Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that 9 U.S.C. § 3 does not preclude dismissal).

The Sixth Circuit applies a four-pronged test to determine whether to grant motions to dismiss or stay the proceedings and compel arbitration:

(1)     The Court must determine whether the parties agreed to arbitrate;
(2)     The Court must determine the scope of that agreement;
(3)     If federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable; and
(4)     If the Court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

In this case, the Insurer and the Insured are parties to a policy that provides that three types of coverage, as outlined above. The policy, however, provides a "coordination of coverage" section that states, "[a]ny loss covered under [the Employment Practices Liability Coverage Section] and either the Directors and Officers Liability Coverage Section or the Fiduciary Liability Coverage Section, if purchased, shall be first covered under [the Employment Practices Liability Coverage Section], subject to its terms, conditions and limitations." (Doc. No. 6 at p. 58.) The Employment Practices Liability Coverage Section provides coverage for losses "on behalf of the Insureds resulting from any Employment Claim[3] [. . .]." (Doc. No. 6 at p. 51.) Moreover, section IV of Employment Practices Liability Coverage Section provides, "[a]ny dispute between any Insured and the Company based upon, *arising from or in connection with any actual or alleged coverage* under this Coverage Section, including but not limited to any

---

[3] "Employment Claim" includes by policy definition, among other things, "a civil proceeding commenced by the service of a complaint or similar pleading; an arbitration proceeding [. . .] which is brought and maintained by or on behalf of any past, present or prospective Employee [. . .] in connection with any actual or alleged Breach of Employment Contract, Discrimination, Harassment, Retaliation, Workplace Tort or Wrongful Employment Decision [. . .]." (Doc. No. 6 at p. 52.)

5

dispute sounding in contract or tort, shall be submitted to binding arbitration." (Doc. No. 6 at p. 57 (emphasis added).)

> The Insured's underlying action seeks three declarations:
>
> (1)     Plaintiffs are all insureds as defined in the policy; and
> (2)     [The Insurer] has a duty to defend, and if necessary, indemnify plaintiffs for allegations against them in [the George litigation and arbitration]; and
> (3)     There has been no prejudice to [the Insurer] related to the timeliness of notification of the claim.

It is clear that all three of the foregoing "arise from or [are] in connection with" Charles George's lawsuit and arbitration demand against the Insured.

Turning to the *Stout* test, this Court finds the parties agreed to arbitrate this dispute by the express terms of the policy. "One who signs a contract is presumed to know its contents, and [. . .] if he has had an opportunity to read the contract which he signs he is bound by its provisions." *Sears, Roebuck & Co. v. Lea*, 198 F.2d 1012, 1015 (6th Cir. 1952). *See also Allied Steel and Conveyors, Inc. v. Ford Motor Co.,* 277 F.2d 907, 913 (6th Cir. 1960) (applying "the cardinal rule that, in the absence of fraud or wilful deceit, one who signs a contract which he has had an opportunity to read and understand, is bound by its provisions."). There is no allegation that the arbitration clause in the policy was obtained by any untoward means. Moreover, the scope of the agreement, the second *Stout* element, clearly extends to disputes arising out of employment lawsuits and arbitration demands. The third element is not applicable to this case, as no federal statutory claims have been asserted. Finally, as to the fourth *Stout* element, the Court concludes that all of the claims in this action are subject to arbitration. Therefore, dismissing the action in its entirety is more appropriate than a mere stay.

6

Therefore, for the foregoing reasons, the Insurer's motion to dismiss is **GRANTED** and its motion to compel arbitration is also **GRANTED**. This case is **DISMISSED.**

**IT IS SO ORDERED**.

Dated: January 12, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

7